

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB -2  P 5: 03

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PERCY ALLEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1633** |
| **SHERIFF MARLIN GUSMAN, ET AL.** | **SECTION "A" (1)** |

### ORDER AND REASONS

Plaintiff, Percy Allen, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. He named as defendants Orleans Parish Criminal Sheriff Marlin Gusman, the "Medical Staff," and the "Security Staff." In this lawsuit, plaintiff claims that he was bitten by a spider and received inadequate medical care for that bite while incarcerated within the Orleans Parish Prison system. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

Sheriff Gusman filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56.[2]  The Court notified plaintiff that it was considering also entering summary judgment *sua sponte* in favor

---

[1]  Rec. Doc. 9.

[2]  Rec. Doc. 12.



of the nonmoving defendants on the grounds set forth in the motion.[3]  Plaintiff was ordered to file a memorandum in opposition to the motion and the Court's proposed action by no later than February 1, 2006,[4] but he has failed to do so.

The principal purpose of Fed.R.Civ.P. 56 is to isolate and dispose of factually unsupported claims.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact."  Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted).  The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001).  There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant.  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

---

[3]     Rec. Doc. 13.  "Federal District Courts are empowered to enter summary judgment *sua sponte* so long as the losing party has ten days notice to come forward with all of its evidence in opposition to the motion."  Harken Exploration Co. v. Sphere Drake Insurance PLC, 261 F.3d 466, 477 (5th Cir. 2001) (internal quotation marks and citations omitted).

[4]     Rec. Doc. 13.

Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Id. at 322-23.

The Court has no duty to search the record for evidence to support a party's opposition to summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Id. Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996). "[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (emphasis deleted) (internal quotation marks omitted).

In his complaint, plaintiff states his claim as follows:

On or around April 7, 2005 petitioner was bitten by a spider several times petitioner advise security he wish to seek emergency medical attention! to wit he was denied until a later date petitioner also advise at pill call a nurse on 4-8-05 yet he was refuse treatment until a lateral date to wit he, was finally seen, given a medication Doctor tried to squezze infushion out, but due to pain place petitioner on a antibiotic and stated he'll see him in a week which as of date he's yet to be seen.[5]

---

[5]   Rec. Doc. 1, p. 3.

3

In the motion for summary judgment, Gusman contends that (1) prison officials were not deliberately indifferent to the alleged pest control problem, (2) plaintiff's injury was a not a spider bite, and (3) he received adequate medical care for his injury.

### Alleged Spider Infestation

In this lawsuit, plaintiff essentially claims that he was injured as a result of defendants' failure to protect him from venomous spiders. "To prevail on a section 1983 failure to protect claim, the prisoner must demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999) (internal quotation marks omitted).  Regarding the deliberate indifference requirement, the United States Fifth Circuit Court of Appeals has held:

> An official is deliberately indifferent when he knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Johnson v. Johnson, 385 F.3d 503, 524 (5th Cir. 2004) (quotation marks omitted).

Gusman argues that the unrebutted evidence refutes any implicit allegation of deliberate indifference to the alleged pest control problem.  In support of that contention, he submits evidence demonstrating that the Orleans Parish Prison system received routine pest control during plaintiff's incarceration.  For example, Gusman provided a sworn affidavit from Jerry Hoffman, Jr., in which he states that the Orleans Parish Criminal Sheriff's Office has a pest control contract with DA Exterminating and that, pursuant to that contract, the buildings of the Orleans Parish Criminal

Sheriff's Office are routinely sprayed for pests.[6] Gusman also submitted the sworn affidavit of Tom

Cain, an employee of DA Exterminating, who states in pertinent part:

  3.    He individually and personally provides pest control services regularly and
        systematically to Orleans Parish Sheriff's Office buildings including the
        Orleans Parish Prison facility.

  4.    Pest control services were regularly and systematically provided by him
        during 2005 at least once per month inside and on the perimeter of all
        buildings.[7]

In the instant case, plaintiff has submitted no probative evidence that he was ever even bitten

by a spider.  Nevertheless, even if he could make that showing, he cannot show that the defendants

were deliberately indifferent to the alleged spider infestation within the Orleans Parish Prison

system.  An official is not deliberately indifferent to a risk of harm if he responds reasonably to that

risk, and he cannot be held liable in those circumstances even if the harm was not ultimately averted.

Johnson, 385 F.3d at 524.  In this case, plaintiff cannot establish that defendants responded

unreasonably to the risk at issue; rather, the unrebutted summary judgment evidence shows quite the

opposite.  The Orleans Parish Criminal Sheriff's Office had in place a contract with DA

Exterminating to provide pest control services for all of the buildings within the Orleans Parish

Prison system.  Pursuant to that contract, Tom Cain of DA Exterminating sprayed all of the buildings

within the prison system monthly.  Therefore, even if plaintiff could prove that he was bitten by a

spider, the defendants still could not be held liable for the bite because they responded reasonably

to the risk of harm posed by the alleged spider infestation.

---

  [6]   Rec. Doc. 12, Exhibit A.

  [7]   Rec. Doc. 12, Exhibit B.

Inadequate Medical Care

Plaintiff's remaining claim is that he received inadequate medical care for his alleged spider

bite.[8]  Gusman correctly contends in the motion for summary judgment that the evidence shows

otherwise.

---

[8]      The Court notes that plaintiff has named no proper defendant with respect to his medical care
claim.  The only defendant he has identified is Sheriff Gusman.
        Plaintiff's allegations are clearly insufficient to state an individual-capacity claim against
Gusman.  The United States Fifth Circuit Court of Appeals has held:  "Plaintiffs suing governmental
officials in their individual capacities ... must allege specific conduct giving rise to a constitutional
violation.  This standard requires more than conclusional assertions:  The plaintiff must allege
specific facts giving rise to the constitutional claims."  Oliver v. Scott, 276 F.3d 736, 741 (5th Cir.
2002) (citation omitted).  In the complaint, plaintiff makes no allegations whatsoever that Gusman
was personally involved in plaintiff's medical care.  Without such personal involvement, Gusman
cannot be held liable in his individual capacity.  See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.
1983) ("Personal involvement is an essential element of a civil rights cause of action.").
        Plaintiff also has failed to state an official-capacity claim against Gusman.  "Official capacity
suits generally represent another way of pleading an action against an entity of which an officer is
an agent."  Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).  Accordingly, an
official-capacity claim against Gusman would in reality be a claim against the local governmental
entity he serves, the Orleans Parish Criminal Sheriff's Office.  However, in order to hold a local
governmental entity accountable for a constitutional violation, a plaintiff must show that (1) an
employee of the local governmental entity violated plaintiff's clearly established constitutional rights
with subjective deliberate indifference, and (2) the violation resulted from a policy or custom
adopted or maintained by the local governmental body with objective deliberate indifference.  See
Olabisiomotosho v. City of Houston, 185 F.3d 521, 528-29 (5th Cir. 1999).  Plaintiff does not allege
that the purported constitutional violation resulted from an official policy or custom adopted or
maintained by the Orleans Parish Criminal Sheriff's Office.  Accordingly, plaintiff has failed to state
an official-capacity claim.
         The only other defendants plaintiff names are the "Medical Staff" and the "Security Staff."
However, those defendants are not juridical entities capable of being sued; rather, plaintiff would
be required to name the specific medical and security personnel who allegedly violated his rights.
Moreover, it would be futile to give plaintiff another opportunity to amend his complaint to identify
particular individuals in that, for the reasons set forth in this opinion, his underlying medical claim
has no merit.

It is clearly established that the constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, may be violated if his serious medical needs are met with deliberate indifference on the part of penal authorities.  See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001) (pretrial detainee); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999) (convicted prisoner).  However, the United States Fifth Circuit Court of Appeals has held:

> Deliberate indifference is an extremely high standard to meet. ... [T]he plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment.  And, the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks and citations omitted).  Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." Thompson, 245 F.3d at 459.  "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Gusman has attached to his motion for summary judgment certified copies of plaintiff's medical records which show that he received continued medical care while incarcerated within the Orleans Parish Prison system, including evaluation and treatment for the alleged spider bite in April 2005.[9]  The records reflect that he submitted a sick call request on April 11, 2005, alleging that he

---

[9]    Rec. Doc. 12, Exhibit C.

7

had been bitten by "something." He was examined by a doctor at the jail the following day, who determined that the alleged bite was in fact an abscess most likely caused by a bacterial infection. The doctor determined that there was no need to drain the abscess, and he ordered that plaintiff be given Bactrim, an antibiotic, for seven days. The records further reflect that plaintiff was in fact given Bactrim from April 13-19, 2005.[10] Based on those uncontroverted medical records, it is clear that plaintiff's medical needs were not met with deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").

It is obvious that plaintiff was frustrated by what he perceived to be a lack of quality medical care at the Orleans Parish Prison. However, a disagreement between an inmate and the medical staff concerning whether certain medical treatment was appropriate generally is not actionable absent exceptional circumstances. Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995). Additionally, to the extent that plaintiff is simply arguing that he was not given the best medical care available, that is not the constitutional standard. See Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992) (the fact that medical treatment "may not have been the best money could buy" was insufficient to establish a constitutional violation); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978) (the applicable legal standard is not whether an inmate was provided the "optimum" or "best" medical care available). Rather, as noted, the applicable test is whether prison officials were *deliberately indifferent* to plaintiff's serious medical needs. Plaintiff makes no express allegation of deliberate

---

[10]   Pursuant to the doctor's order, plaintiff was also given Motrin for three days.

indifference,[11] and deliberate indifference cannot be inferred from the facts alleged or the medical records in evidence.

Conclusion

For the foregoing reasons, the Court finds that no genuine issue of material fact exists with respect to either plaintiff's "failure to protect" claim or his medical care claim. Moreover, plaintiff has not opposed the granting of summary judgment or submitted any probative rebuttal evidence whatsoever in support of the bald allegations of his complaint. Therefore, the Court finds that defendants are entitled to judgment in this action as a matter of law.

Accordingly,

**IT IS ORDERED** that the motion for summary judgment is **GRANTED. IT IS FURTHER ORDERED** that plaintiff's claims against all defendants are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this second day of February, 2006.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] In fact, plaintiff's complaint indicates that his claim is one for negligence. See Rec. Doc. 1, p. 4. However, allegations of malpractice or negligence alone are never sufficient to state a claim for constitutionally inadequate medical care. Hall v. Thomas, 190 F.3d 693, 697 (5th Cir. 1999); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993) ("It is clear that negligent medical treatment is not a cognizable basis upon which to predicate a section 1983 action.").